ORIGINAL

FILED
U.S. DISTRICT COURT

2009 SEP 18 PM 12:02

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DAVID TIMOTHY MOORE, | ) |
| Plaintiff, | ) |
| v. | ) CV 309-060 |
| DONALD BARROW, Warden of Telfair State Prison; MISTY WINTER, Chief Counselor at Telfair State Prison; CAPTAIN SAM ZANDERS, Chief Correctional Supervisor at Telfair State Prison; RODNEY SMITH, Correctional Officer at Telfair State Prison; and JOANN HUNDING, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Telfair State Prison ("TSP"), in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and seeking to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), that Plaintiff's motion for injunctive relief (doc. nos. 3-1, 3-2) be **DENIED**, and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

Plaintiff's history of filings reveals that he has brought at least three cases and/or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

relief may be granted:[2] (1) <u>Moore v. Garner</u>, Civil Case No. 198-1787 (N.D. Ga. June 22, 1998) (dismissed for failure to state a claim; appeal dismissed as frivolous); (2) <u>Moore v Thomas</u>, Civil Case No. 694-010 (S.D. Ga. Jan. 13, 1994) (appeal dismissed as frivolous); and (3) <u>Moore v. Thomas</u>, Civil Case No. 693-044 (S.D. Ga. May 10, 1993) (appeal dismissed as frivolous).

In each of these cases, Plaintiff filed a complaint and/or appeal that was dismissed for failure to state a claim or dismissed as frivolous. Therefore, these previously dismissed cases and/or appeals qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Rather, Plaintiff simply seeks to be exempt from completing the personal orientation session of the intake process at TSP.

Plaintiff states that he has migraine headaches and thrombocytopenia (a blood

---

[2]The Eleventh Circuit has held that "a claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." <u>Rivera</u>, 144 F.3d at 731 *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007).

3

disorder). (Id. at 11). Plaintiff explains that the medication for migraine headaches exacerbates his thrombocytopenia, as such, he cannot take medication for his migraine headaches. (Id.). Therefore, according to Plaintiff, in order to alleviate the migraine headaches without medication, physicians prescribed tinted eye-wear and advised Plaintiff to avoid loud stressful environments. (Id. at 12).

Plaintiff contends that he was transferred to TSP from Hancok State Prison on July 23, 2009. (Id. at 18). Plaintiff alleges that immediately upon his arrival at TSP, he was required to remove his tinted eye-wear. (Id. at 19). Additionally, Plaintiff states that new arrival inmates are required to go through an intake process that includes a personal orientation session by Defendant Smith, a correctional officer at TSP. (Id.). Plaintiff maintains that during Defendant Smith's personal orientation session, inmates are required to respond to Defendant Smith, by "hollering," "Sir, yes Sir." (Id.). Plaintiff alleges that because of the physicians' recommendation to avoid loud, stressful environments, Plaintiff, rather than "hollering," responded in a soft voice, "Sir, yes Sir." (Id. at 20-21). Because Plaintiff did not holler, he maintains that he was placed in solitary confinement. (Id. at 21). Plaintiff further maintains that he will be kept in solitary confinement until he completes the personal orientation session, and he cannot do that unless he complies with the directives and responds as directed, presumably by hollering. (Id.). Plaintiff believes that requiring him to holler will exacerbate his migraine headaches and will thus place him in imminent danger. (Id. at 22, 23, 24).

The Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In this

4

opinion, the Eleventh Circuit cited to several cases already decided in the Third, Seventh, and Eighth Circuits. For example, the Eighth Circuit held that a plaintiff's conclusory assertions that defendants were trying to kill him by forcing him to work extreme conditions, despite his blood pressure condition, were too general to invoke the exception to § 1915(g), absent specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003).

In Brown, because the plaintiff alleged a total withdrawal of treatment for serious disease, as a result of which he suffers from severe ongoing complications, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury. Brown, 387 F.3d at 1350.

Conversely, Plaintiff in this case does not allege any afflictions rising to the level of those asserted in Brown. Rather, Plaintiff merely argues that he presumes his migraine headaches will be exacerbated if he is required to complete the personal orientation because he must respond to inquiries by "hollering," "Sir, yes Sir." Plaintiff does not assert a total withdrawal of treatment, furthermore, the personal orientation session is a one-time event. In sum, Plaintiff's allegations do not support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), that Plaintiff's motion for injunctive relief (doc. nos. 3-1, 3-2) be **DENIED**,[3] and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 18th day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Plaintiff requests that the Court issue a temporary restraining order and preliminary injunction "enjoining the Defendants . . . to [] cease and desist any and all instructions to the Plaintiff to engage in conduct and/or activity that triggers the Plaintiff's chronic migraine headache condition." (Doc. no. 3, p. 1). Plaintiff's motion for injunctive relief asserts the same factual basis, and seek the same relief, as Plaintiff's complaint. However, as Plaintiff is not allowed to proceed IFP in this case, he may not circumvent the provisions of the PLRA by requesting injunctive relief in a case that he may not pursue unless he pays the filing fee.