ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID TIMOTHY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-060 |
| | ) | |
| DONALD BARROW, Warden of Telfair State Prison, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended, among other things, that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and his case be dismissed without prejudice.[1] (Doc. no. 5). A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). Here, as Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) of the PLRA, and he did not fall within the imminent danger exception, he failed to demonstrate that he should be excused from paying the full filing fee. (Id. at 3).

Plaintiff objects to the Report and Recommendation, arguing that contrary to the Magistrate Judge's conclusion, he was under imminent danger because of his inability to take

---

[1] The Magistrate Judge also recommended that Plaintiff's motion for injunctive relief be denied. (Doc. no. 5).

medication for his migraine headaches. (Doc. no. 10). Plaintiff states that removing his tinted eye-wear and subjecting him to a loud stressful environment was the equivalent of a total withdrawal of medical treatment. (Id.). Furthermore, Plaintiff states that the effect of being subjected to the loud stressful environment that lasted for thirty minutes resulted in Plaintiff having a migraine headache that lasted for fifteen hours. (Id. at 10-11). Thus, Plaintiff argues that he was under imminent danger.

While the Court does not diminish or trivialize Plaintiff's migraine headaches and the pain caused by them, the undersigned agrees with the Magistrate Judge's conclusion that Plaintiff was not in imminent danger at the time he filed his complaint. Taken as a whole, Plaintiff's ongoing medical condition is not of the type of serious injury contemplated by courts that would entitle Plaintiff to avoid the bar of § 1915(g). Plaintiff relies on Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for the proposition that, as a whole, his migraine headaches, in combination with his serious blood disorder, can amount to "serious physical injury if any prescribed treatment is totally withdrawn."[2] (Id. at 4-5). Nevertheless, Plaintiff concedes that chronic migraine headaches whose treatment is complicated by thrombocytopenia "may not be on equal footing in seriousness with HIV and Hepatitis."

---

[2]In Brown, the Eleventh Circuit held:

> Although some of the specific physical conditions about which Brown complains may not constitute serious injury . . . [v]iewed together, the afflictions of which Brown currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury. That Brown's illnesses are already serious does not preclude him from arguing that his condition is worsening more rapidly as a result of the complete withdrawal of treatment.

387 F.3d at 1350.

(Id.). Indeed, the cases where the imminent danger exception has been found appropriate address allegations of serious physical injury that are comparable to those asserted in Brown. See, e.g., Fuller v. Myers, 123 Fed. App'x 365, 366-67 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds); Voth v. Lytle, 2005 WL 3358909, at *1 (D. Or. Dec. 8, 2005) (imminent danger found where Plaintiff experienced severe pain and constant rectal bleeding for four months and believed something had ruptured in his lower stomach). Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed IFP is **DENIED** (doc. no. 2), Plaintiff's motion for injunctive relief (doc. nos. 3-1, 3-2) is **DENIED**, and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this ___ day of February, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3